IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

RORY A. WESSEL, DONALD SCOTT,
FRANK PARRA, WALTER K. NEWTON,
PAULETTE MORA GONZALES, MARK
C. MORA, JANINE LAVIGNE,
RAYMOND LARGO, SR., MARK A.
GARCIA, SHERRYL L. DURAN, RUDY
ARCHULETA, JR. JERRY ANAYA, SAM
AGUILAR, RUEBEN LUCERO, and all
others similarly situated,

        Plaintiffs,

        vs.                                No. CIV 00-65 LH/KBM-ACE

CITY OF ALBUQUERQUE; JIM BACA,
Mayor, City of Albuquerque; PEGGY
HARDWICK, Director Employee Relations,
City of Albuquerque; and LOCAL 624,
AMERICAN FEDERATION OF STATE,
COUNTY & MUNICIPAL EMPLOYEES,
AFL-CIO,

        Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** came before the Court for hearing on February 22, 2001, on Plaintiffs' Motion for Summary Judgment (Docket No. 58), filed October 17, 2000, and Defendant AFSCME Local 624's Motion for Summary Judgment (Docket No. 62), filed October 23, 2001.[1] The Court, having considered the pleadings submitted by the parties, the arguments of counsel, and otherwise being fully advised, finds that the Motions shall be **granted in part** and **denied in part.**

---

[1] Defendant City of Albuquerque adopted Local 624's Motion for Summary Judgment. (Order, Docket No. 67, filed October 31, 2000).

Plaintiffs' first claim alleges violation of the United States Constitution, 42 U.S.C. § 1983, and Albuquerque, N.M., Code § 3-2-4(A) by Defendants' collection of "fair share" fees without valid legislative authorization. Plaintiffs argue that they cannot constitutionally be required to pay any "fair share" fees without valid state or local legislative authorization based on a compelling government interest. Requiring employees to help finance the union as a collective-bargaining agent is constitutionally justified if there has been a "legislative assessment" by the public employer. *See Abood v. Detroit Bd. of Educ.*, 431 U.S. 209, 222 (1977); *Lehnert v. Ferris Faculty Assoc.*, 500 U.S. 507, 519 (1991)("fair share" fees must be justified by the government's vital policy interest in labor peace and avoiding "free riders"). The 1996 "Resolution Adopting Policies for the City of Albuquerque Regarding Collective Bargaining and Fair Share Provisions" recognizes that the City and its employees benefit from the collective bargaining process and union representation of City employees, and adopts the policy that collective bargaining agreements with City employee unions may include "fair share" provisions. The Court finds that the 1996 Resolution is an adequate legislative assessment by the City. Accordingly, summary judgment shall be granted in favor of Defendants with respect to Plaintiffs' first claim, violation of the United States Constitution, 42 U.S.C. § 1983, and Albuquerque, N.M., Code § 3-2-4(A) by Defendants' collection of "fair share" fees without valid legislative authorization.

Plaintiffs' second claim alleges violation of the United States Constitution and 42 U.S.C. § 1983 by Defendants' collection of "fair share" fees without adequate notice of their basis. Plaintiffs allege that the July 1999 Notice to nonmembers failed to explain what portion of the nonmembers "fair share" fees goes to each of the of the three levels of the union and did not include verification by an independent auditor. "Basic considerations of fairness, as well as concern for the

First Amendment rights at stake, also dictate that the potential objectors be given sufficient information to gauge the propriety of the union's fee." *Chicago Teachers Union v. Hudson*, 475 U.S. 292, 306 (1986). Although the union need not provide nonmembers with an exhaustive and detailed list of all its expenditures, adequate disclosure surely would include major categories of expenses, as well as verification by an independent auditor. *Id.* n.18. Defendants admit that the original July 1999 Notice was deficient because it contained numerical errors, and because it did not indicate which portions of dues went to each of the three levels of the union. Accordingly, judgment shall be entered in favor of Plaintiffs declaring that the July 1999 Notice was unlawful. Because Plaintiffs did not receive adequate notice, their constitutional rights were violated under *Hudson*, and they are entitled to nominal damages of $1.00. *See Hudson*, 475 U.S. at 310 ("constitutional requirements for the Union's collection of agency fees include an adequate explanation of the basis for the fee"); *Hohe v. Casey*, 956 F.2d 399, 415 (3rd Cir. 1992)(when nonmembers constitutional rights are violated under *Hudson*, they are at least entitled to nominal damages of $1.00); *Abrams v. Communications Workers of America*, 23 F.Supp.2d 47, 51-52 (D.C. 1998)(injury caused by inadequate notice is a lack of information, nominal damages appropriate because injury was procedural rather than pecuniary). Plaintiffs also seek injunctive relief but have not satisfied the Court that such relief is needed. *See United States v. Grant*, 345 U.S. 629, 633 (1953)(party moving for injunctive relief must satisfy court that there exists some cognizable danger of recurrent violation, something more than the mere possibility which serves to keep the case alive).

Plaintiffs' third claim alleges violation of the United States Constitution, 42 U.S.C. § 1983, and Albuquerque, N.M., Code § 3-2-4(A), and breach of contract, by Defendants' collection of "fair share" fees for unauthorized purposes. Plaintiffs contend that the Union's criteria for treating

expenses as chargeable to nonmembers are broader than the 1996 Resolution and 1997 Memorandum of Understanding authorize. However, "a local bargaining representative may charge objecting employees for their *pro rata* share of the costs associated with otherwise chargeable activities of its state and national affiliates, even if those activities were not performed for the direct benefit of the objecting employees' bargaining unit." *Lehnert*, 500 U.S. at 524. Summary judgment on Plaintiffs' third claim, violation of the United States Constitution, 42 U.S.C. § 1983, and Albuquerque, N.M., Code § 3-2-4(A), and breach of contract, by Defendants' collection of "fair share" fees for unauthorized purposes, shall be granted in favor of Defendants.

Plaintiffs' fourth claim alleges violation of the United States Constitution and 42 U.S.C. § 1983, and breach of contract, by Defendants' collection of "fair share" fees without contractually required certification. Plaintiffs claim that the deductions are unconstitutional and unlawful because the Union did not certify in writing that expenditure of "fair share" monies would be limited to chargeable expenses incurred for Local 624's bargaining unit. However, as discussed above, a local bargaining representative may charge nonmembers a "fair share" fee for the costs associated with otherwise chargeable activities of its state and national affiliates, even if those activities were not performed for the direct benefit of the objecting employees' bargaining unit. *Lehnert,* 500 U.S. at 524. Summary judgment on Plaintiffs' fourth claim, violation of the United States Constitution and 42 U.S.C. § 1983, and breach of contract, by Defendants' collection of "fair share" fees without contractually required certification, shall be granted in favor of Defendants.

Plaintiffs' fifth claim alleges that the indemnification clause is unconstitutional and void as against public policy because it causes the City and its agents to ignore consideration of whether the deduction of "fair share" fees from nonmembers' wages violates those employees' constitutional

rights. *See Weaver v. Univ. of Cincinnati,* 970 F.2d 1523, 1538 (6th Cir. 1992)(indemnification clauses in collective bargaining agreements which purport to relieve public employers from liability for violations of federal constitutional and civil rights are void as against public policy); *Stamford Bd. of Educ.*, 697 F.2d 70, 73-75 (2d Cir. 1982)(hold harmless clause in collective bargaining agreement void because enforcement of clause would work against policy of deterring discrimination against women); *But see Hohe v. Casey*, 956 F.2d 399, 412 (3rd Cir. 1992)(invalidation of indemnification clause in collective bargaining agreement is not required by the First Amendment). Plaintiffs characterize the indemnification clause as unconstitutional and void as against public policy by quoting only that portion of the clause which reads "indemnify and hold the City harmless from any claim or challenge." (Br. in Supp. of Pl.s' Mot. for Summ. J. at 18.) The 1997 Memorandum of Understanding ("MOU") and the 2000-2003 Agreement, both between Defendants City and Local 624, contain an indemnification clause. The complete indemnification clause in the MOU reads:

> The Union shall indemnify and hold the City harmless from any claim or challenge to this fair share MOU, the calculation and imposition of the fair share amount or any other claims involving fair share payments under the MOU.

(Compl., Ex. 3 at 3, ¶8 ).

The relevant portion of the 2000-2003 Agreement reads:

> The Union will indemnify and hold the City harmless against any and all claims, demands, suits or other forms of liability, including payment of reasonable attorney fees and costs for counsel selected by the City, for any claim or challenge to the imposition of an agency fee.

(Mot. for Leave to Amend, Ex. A, Ex. 7 at 5, §4.F.6.a).

In both documents, the indemnification clause follows the procedure and requirements that the Union must meet. Under the MOU and the 2000-2003 Agreement, the Union is required to 1) provide

notice to nonmembers of the amount and reason for the "fair share" fee, 2) comply with what are essentially the *Hudson* requirements, and 3) certify to the City, in writing, by a duly authorized officer, the amount of the "fair share" fee, *before* the City will deduct the "fair share" fee from the nonmembers' wages.

Both the government employer and union have a responsibility to provide procedures that facilitate a nonunion employee's ability to protect his rights with respect to "fair share" fees. *Hudson*, 475 U.S. at n.20. "[T]he constitutional requirements for the Union's collection of agency fees include an adequate explanation of the basis for the fee, a reasonably prompt opportunity to challenge the amount of the fee before an impartial decisionmaker, and an escrow for the amounts reasonably in dispute while such challenges are pending." *Id.* at 310. Under *Hudson*,

> the employer and the union must have a constitutional procedure in place *before* deducting fees. This does not mean, however, that the employer or the exclusive representative must in some way establish the constitutionality of the procedure before fees are deducted. . . . The requirement that a constitutional procedure be in place before fair share fees are collected simply means that if a court subsequently determines that the procedures are constitutionally inadequate, both the public employer and the exclusive representative shall be accountable for the constitutional violation.

*Hohe*, 956 F.2d at 406.

Plaintiffs have failed to establish that the indemnification clause at issue here would cause the City to ignore consideration of whether the deduction of "fair share" fees from nonmembers' wages violates those employees' constitutional rights. The MOU and the 2000-20003 Agreement not only demonstrate that the City is aware of its obligation to have a constitutional procedure in place, but also set out the procedure and require the Union to comply with the procedure before the City will deduct "fair share" fees. The indemnification clause is facially neutral and does not encourage

conduct which violates public policy. *See Stamford*, 697 F.2d at 73-74 (indemnification clause against public policy where employer indemnified for its own wilful misconduct). I read the indemnification clause as protecting the City from any violations by the Union and for which the City can do little, if anything, to detect and prevent. *See Abood v. Detroit Bd. of Educ.*, 431 U.S. 209, 239-240 (1977)(union bears burden of proof of appropriateness of "fair share" fee because the union possesses the facts and records from which the proportion of political to total union expenditures can reasonably be calculated); *Gunter v. Atomic Projects and Production Workers Metal Trades Council*, 970 F.Supp. 871, 885 (D.N.M. 1997)(an employer is not to be held responsible for how agency fees or dues are spent by the union) citing *Reid v. McDonnell Douglas Corp.*, 443 F.2d 408, 412 (10th Cir. 1971). The indemnification clause, when read in its entirety and in context, is not unconstitutional and void as against public policy. Accordingly, summary judgment on Plaintiffs' fifth claim, that the indemnification clause is unconstitutional and void as against public policy, shall be granted in favor of Defendants.

**IT IS, THEREFORE, ORDERED** that Plaintiffs' Motion for Summary Judgment (Docket No. 58), filed October 17, 2000, is **granted in part** and **denied in part.**

**IT IS ALSO ORDERED** that Defendant AFSCME Local 624's Motion for Summary Judgment (Docket No. 62), filed October 23, 2001, is **granted in part** and **denied in part.**

**IT IS FURTHER ORDERED** that:

1.   Summary judgment is granted in favor of Defendants with respect to Plaintiffs' first claim, violation of the United States Constitution, 42 U.S.C. § 1983, and Albuquerque, N.M., Code § 3-2-4(A) by Defendants' collection of "fair share" fees without valid legislative authorization.

2. Judgment is entered in favor of Plaintiffs declaring that the July 1999 Notice was unlawful. Because Plaintiffs did not receive adequate notice, their constitutional rights were violated under *Hudson*, and they are entitled to nominal damages of $1.00.

3. Summary judgment on Plaintiffs' third claim, violation of the United States Constitution, 42 U.S.C. § 1983, and Albuquerque, N.M., Code § 3-2-4(A), and breach of contract, by Defendants' collection of "fair share" fees for unauthorized purposes, is granted in favor of Defendants.

4. Summary judgment on Plaintiffs' fourth claim, violation of the United States Constitution and 42 U.S.C. § 1983, and breach of contract, by Defendants' collection of "fair share" fees without contractually required certification, is granted in favor of Defendants.

5. Summary judgment on Plaintiffs' fifth claim, that the indemnification clause is unconstitutional and void as against public policy, is granted in favor of Defendants.

_____
**UNITED STATES DISTRICT JUDGE**